UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      -v.-<br>IRA BOOKER,<br>                              Defendant. | 23 Cr. 120 (JHR)<br><br>ORDER |

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/29/2024
```

JENNIFER H. REARDEN, District Judge:

WHEREAS, Defendant Ira Booker is a pretrial detainee currently housed at East Orange General Hospital, under the custody of the United States Marshals Service (the "USMS");

WHEREAS, Mr. Booker has requested access to a laptop for purposes of reviewing discovery at East Orange General Hospital, *see* ECF Nos. 55, 57;

WHEREAS, defense counsel has represented that the Government consents to Mr. Booker's requested laptop access;

WHEREAS, the Court seeks to ensure that such access does not jeopardize the security and/or operational interests of East Orange General Hospital or the USMS; and

WHEREAS, the Court has consulted with the USMS regarding Mr. Booker's application,

IT IS HEREBY ORDERED that:

1. For the sole purpose of reviewing discovery in the above-captioned matter, Mr. Booker may have access to an "air-gapped" laptop computer (the "Laptop") and an external hard drive (the "External Hard Drive") that are disabled from accessing the internet, local area networks, or other electronic devices;

2. Upon receipt of an acceptable laptop computer and external hard drive from defense counsel, the Government shall (a) ensure that the Laptop and External Hard Drive are appropriately "air-gapped" and compatible with any applicable security requirements; (b) load the Rule 16 discovery in this case, subject to the limitations of the Protective Order including with respect to "Sensitive Material," *see, e.g.*, ECF No. 19 ¶¶ 2, 5; *see also* ECF No. 57-1 (proposed order filed by defense counsel providing that "the

defendant shall not use the computer to access . . . any material that is designated pursuant to the protective order as 'sensitive disclosure material'"); and (c) promptly arrange for the Laptop and External Hard Drive to be picked up by defense counsel and hand-delivered to Mr. Booker at East Orange General Hospital;

3. Defense counsel shall be permitted to enter East Orange General Hospital with the Laptop and External Hard Drive, subject to the following conditions:

   a. Prior to delivering the Laptop and External Hard Drive to Mr. Booker, defense counsel must e-mail the USMS the date and time of counsel's intended visit; and

   b. During defense counsel's visit, the Laptop and External Hard Drive shall be used for the sole purpose of reviewing discovery and legal materials that relate to Mr. Booker's criminal case.

4. Should defense counsel leave the Laptop and External Hard Drive at East Orange General Hospital for Mr. Booker's future use, Mr. Booker shall be provided access to the devices, subject to the following conditions:

   a. He shall receive the Laptop and External Hard Drive upon request;

   b. At all times that he is not using the Laptop and External Hard Drive, the devices will be retained by security personnel; and

   c. He shall not have possession of any charging apparatus or cord that connects to the Laptop or External Hard Drive.

5. Mr. Booker shall execute an agreement setting forth his understanding that:

   a. He may use the Laptop and External Hard Drive for the sole purpose of reviewing discovery and legal materials that relate to his criminal case;

   b. Absent an order of this Court, he shall not share the Laptop, the External Hard Drive, or any materials loaded onto either device, except with any attorney

appointed to or retained in this case;

 c. He is strictly prohibited from printing, photographing, copying, sending, publishing, or transferring any information from the Laptop or the External Hard Drive;

 d. He will at all times abide by the terms of the Protective Order governing the discovery materials in this case;

 e. He will not access or attempt to access the internet or any form of wireless communication; and

 f. Should he violate any of these understandings, he will forfeit his right under this Order to use the Laptop and External Hard Drive in the future, and he may expose himself to criminal prosecution for possessing or distributing a "prohibited object" as that term is defined in 18 U.S.C. § 1791(d).

6. The Court will revisit this Order and Mr. Booker's access to the Laptop and External Hard Drive if it appears that he is not abiding by the Order;

7. In the event that Mr. Booker is transferred to another facility, the terms of this Order shall continue to apply, in addition to any security restrictions and rules imposed by that facility and/or the USMS;

8. This Order remains in effect until the trial in this matter is completed; and

9. A copy of this Order shall be made available to (a) any department or unit at East Orange General Hospital where Mr. Booker is housed; and (b) any other facilities to which Mr. Booker may be transferred.

SO ORDERED.

Dated: November 29, 2024
   New York, New York

                  _____
                  JENNIFER H. REARDEN
                  United States District Judge